```
              UNITED STATES DISTRICT COURT
               SOUTHERN DISTRICT OF OHIO
                    WESTERN DIVISION
```

TIMOTHY FLORES,          :   NO. 1:10-CV-540
                         :
        Plaintiff,       :
                         :
     v.                  :   **OPINION AND ORDER**
                         :
COMMISSIONER OF SOCIAL   :
SECURITY ADMINISTRATION, :
                         :
        Defendant.       :

This matter is before the Court on the Magistrate Judge's September 13, 2011 Report and Recommendation (doc. 14), to which no objections were filed.  For the reasons indicated herein, the Court AFFIRMS the Magistrate Judge's recommended decision and ADOPTS the Magistrate Judge's Report and Recommendation in all respects, VACATES the decision of the Administrative Law Judge denying Plaintiff's application, and REMANDS this case for further proceedings consistent with this opinion.

The procedural and factual background of this case are well-detailed in the Magistrate Judge's Report and Recommendation, and the Court will not reiterate it here.  In brief, however, Plaintiff applied for Supplemental Security Income ("SSI") benefits on August 30, 2007, alleging disability since October 24, 1994 because of blindness in his right eye, vision problems in his left eye, bipolar disorder, and ADHD. This application actually was Plaintiff's second one; his first application, filed January 26, 2005, was denied.  The Administrative Law Judge ("ALJ") in the current case  concluded he was not bound by the prior residual

functional capacity determination because the 2007 application involved new and material evidence regarding Plaintiff's mental impairments and alcohol abuse (doc. 14 at 1). On November 23, 2009, the ALJ issued a decision denying Plaintiff's application, a determination that became the final administrative decision of the Commissioner when Plaintiff's request for review by the Appeals Council was denied (id. at 2, 3). Plaintiff then sought review from this Court.

The Magistrate Judge reviewed the record and addressed Plaintiff's two assignments of error. In her September 13, 2011 Report and Recommendation, she concluded that the first assignment of error should be overruled because the ALJ's determination that Plaintiff did not meet or equal Listing 12.05C for mental retardation is supported by substantial evidence (id. at 18). While the Magistrate Judge concurred with the Plaintiff's position that the ALJ improperly substituted his own opinion for that of the consultative examining psychologist, Nancy Schmidtgoessling, Ph.D., she found this error to be harmless because Plaintiff did not present direct evidence showing he met the diagnostic criteria for mental retardation (id. at 18-19). She additionally noted that Plaintiff's purported contention that the ALJ was bound to "consider" whether Plaintiff's impairments were equivalent to the Listing for mental retardation was without merit as the ALJ in fact had done so (id. at 20-21).

While the Magistrate Judge found Plaintiff's first assignment

of error to be without merit, she concluded that his second assignment of error should be sustained (id. at 21). Plaintiff argues that the ALJ was not sufficiently clear with respect to the weight he assigned to the various psychologists' opinions of record. In this regard, the Magistrate Judge particularly agreed with Plaintiff that the ALJ did not provide specific and valid reasons for why he gave the most weight to the opinion of Alice Chambly, Psy.D., a non-examining state agency consultative psychologist, rather than to the aforementioned Dr. Schmidtgoessling (id. at 23). Without detail of the factors the ALJ considered in crediting a non-examining source, Dr. Chambly, over an examining source, Dr. Schmidtgoessling, the Court cannot conduct a meaningful judicial review (id. at 24). The Magistrate Judge then recommended that, pursuant to sentence four of 42 U.S.C. §405(g), the case be remanded for further proceedings (id. at 24-26).

No objections to the Report and Recommendation of the Magistrate Judge were filed, and the Court finds no clear error in the record. See Advisory Committee Notes to Fed. R. Civ. P. 72; Thomas v. Arn, 474 U.S. 140, 150 (1985) ("It does not appear that Congress intended to require district court review of a magistrate's factual or legal conclusions, under a de novo or any other standard, when neither party objects to those findings."). On the contrary, the Court finds the Magistrate Judge's Report and Recommendation well-reasoned, thorough, and correct. Accordingly,

the Court ADOPTS and AFFIRMS the Magistrate Judge's Report and Recommendation (doc. 14), VACATES the decision of the ALJ that Plaintiff be denied Supplemental Security Income benefits, REMANDS this matter to the ALJ for proceedings consistent with this opinion.  On remand, as the Magistrate Judge recommended, the ALJ should set forth specific, valid reasons for the weight assigned to the various psychologists' opinions of record.  Without a recitation of such reasons, the Court cannot review meaningfully the ALJ's determination as required by the Social Security Rules and Regulations and Sixth Circuit law.

     SO ORDERED.


Dated: October 18, 2011       /s/ S. Arthur Spiegel
                                        S. Arthur Spiegel
                                        United States Senior District Judge